628 A.2d 419

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Danny MATOS.**

Superior Court of Pennsylvania.

Argued April 19, 1993.

Filed July 2, 1993.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for the Com. appellant.

Paul M. George, Asst. Public Defender, Philadelphia, for appellee.

Before CAVANAUGH, WIEAND, McEWEN, CIRILLO, DEL SOLE, BECK, TAMILIA, JOHNSON and HUDOCK, JJ.

CIRILLO, Judge:

This is an appeal by the Commonwealth from a post-trial order by the Court of Common Pleas suppressing the intro-

duction of seventeen vials of cocaine at the trial of Danny Matos.[1] We reverse.

Two police officers responding to a radio broadcast that unknown persons were selling narcotics in the vicinity of 2300 Reese Street, Philadelphia, approached a group of three men who fled as the officers approached. During the chase one of the officers saw Matos discard a plastic bag. One officer recovered the plastic bag and the other officer arrested Matos. The bag contained twelve vials of cocaine; another five vials of cocaine were found in Matos's pocket.

This is a companion case to *Commonwealth v. Carroll*, —— Pa.Super. ——, 628 A.2d 398 (1993), decided this day, and raises the same issue: whether Pennsylvania's constitution demands greater protection for a fleeing suspect than that afforded by the Fourth Amendment to the U.S. Constitution after the decision of *California v. Hodari D.*, 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991).

For the reasons detailed in *Commonwealth v. Carroll, supra*, we find that the protections under the state and federal constitutions are coextensive.

Order reversed.

CAVANAUGH, J., concurs on the basis of *Commonwealth v. Carroll*'s, —— Pa.Super. ——, 628 A.2d 398, majority and concurring opinions.

JOHNSON, J., files a dissenting opinion, in which McEWEN, DEL SOLE and BECK, JJ., join.

JOHNSON, Judge, dissenting:

I respectfully dissent to the Majority's disposition of the present case. Relying on the reasoning presented in the Dissenting Opinion in *Commonwealth v. Carroll*, —— Pa.Super. ——, 628 A.2d 398 (1993), I would affirm the trial court's

---

1. The Commonwealth has certified that the suppression substantially handicaps the prosecution. *Commonwealth v. Dugger,* 506 Pa. 537, 486 A.2d 382 (1985).

suppression of the contraband seized by police in the present case.

McEWEN, DEL SOLE and BECK, JJ., join.